UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENT D. ANDERSON,

    Petitioner,

-vs-     Case No.   8:23-cv-596-CEH-AEP

WARDEN, FPC PENSACOLA,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("petition") (Doc. 1). Petitioner is serving the remainder of his federal prison term in home confinement in Venice, Florida. In his petition, he contends 524 days of earned time credit have not been applied to his sentence.

**DISCUSSION**

"[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). A claim for credit toward a federal sentence is cognizable under § 2241 as a challenge to the execution of a sentence. *United States v. Roberson*, 746 Fed. Appx. 883, 885 (11th Cir. 2018) (citing *Antonelli*, 542 F.3d at 1351–52). *See also, Warren v. United States*, 707 Fed. Appx. 509, 511 n.4 (10th Cir. 2017) ("If

1

. . . a prisoner seeks to challenge certain 'matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters . . . affecting the fact or duration of the [prisoner's] custody,' that claim must be raised in a § 2241 application rather than a § 2255 motion.")). Petitioner challenges the deprivation of credits. Therefore, his petition is properly brought under § 2241.

A petitioner proceeding under § 2241 must file the petition in the district of the petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004) (holding that the proper respondent in a habeas action is the petitioner's "immediate custodian" at the time of filing). Although Petitioner is in home confinement in Venice, Florida, online records show that the Bureau of Prison's Residential Reentry Management field office in Miami, Florida (RRM Miami) is his immediate custodian. *See* https://www.bop.gov/inmateloc, viewed May 5, 2023. Because Petitioner's custodian is RRM Miami, the petition should have been filed in the United States District Court, Southern District of Florida, the district court having territorial jurisdiction over RRM Miami. *See, e.g., Nekvasil v. United States*, 2022 WL 4115428, at *2–3 (W.D. Mich. Sept. 9, 2022) (explaining that § 2241 petition was not properly filed in the Western District of Michigan despite petitioner being on home confinement within the jurisdiction of that Court because petitioner's custodian, RRM Detroit, was within the jurisdiction of the Eastern District of Michigan). This Court lacks jurisdiction over the petition. *Kills Crow v. United States*, 555 F.2d 183, 189 n.9 (8th Cir.

1977) ("2241 jurisdiction exists only if the District Court has jurisdiction over the petitioner's custodian."). Accordingly, it is

**ORDERED:**

1. The Clerk of Court shall **TRANSFER** this action to the United States District Court for the Southern District of Florida, Miami Division, and **CLOSE** this case. *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court [such as this one]. . .and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action. . .could have been brought at the time it was filed. . . .").

**DONE and ORDERED** at Tampa, Florida, on May 8, 2023.

Charlene Edwards Honeywell
United States District Judge

cc: Petitioner, *pro se*